IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                                   Civ. No. 07-449 WPJ/RLP
                                                                 Cr. No. 05-2363 WPJ

EUFEMIO LOYA-TORRECILLAS,

    Defendant/Movant.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

    1.    This is a proceeding brought pursuant to 28 U.S.C. § 2255. Defendant is currently serving a 41-month sentence, having pleaded guilty to Re-entry of a Deported Alien Previously Convicted of an Aggravated Felony in violation of 8 U.S.C. §§ 1326(a)(1) and (2). Defendant did not appeal his conviction or sentence.

    2.    Defendant argues his counsel was constitutionally ineffective based on the following grounds: (i) counsel failed to inform him of his right to an appeal and failed to file an appeal; (ii) counsel failed to investigate inconsistencies in the Pre-Sentence Investigation Report ("PSR"); (iii) failed to investigate whether his prior juvenile conviction was properly transferred to adult court; and (iv) counsel failed to investigate the sentence enhancement for a crime committed when Defendant was a juvenile.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections in the United States District Court to the Report and Recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation. If no objections are filed, no appellate review will be allowed.

3. To prevail on a claim of ineffective assistance of counsel, a defendant must prove both that counsel's performance was constitutionally deficient and, but for the deficient performance, the outcome would have been different. *Strickland v. Washington*, 668, 687-88 (1984). A failure to show either deficient performance or prejudice defeats a claim of ineffective assistance.

4. Defendant's first argument is that he was not informed of his right to appeal and that counsel failed to file an appeal. Defendant does not give any alleged grounds for appeal and the Court cannot determine any from the record. Thus, Defendant has failed to show how counsel's errors, if any, prejudiced him.

5. Defendant charges that counsel failed to investigate the inconsistencies in the PSR, but again fails to identify to the Court what these alleged inconsistencies are and how they adversely impacted his sentence. Thus, Defendant has failed to show how counsel's errors, if any, prejudiced him.

6. Defendant's third and fourth claims are related. He states that counsel failed to investigate whether his prior juvenile conviction for sexual assault was properly transferred to adult court in Colorado in 1995, and then failed to argue against using this conviction as a sentence enhancement because the crime was committed when he was a juvenile.

7. Defendant pled guilty to sexual assault. The Court finds there was nothing to investigate regarding this guilty plea. Further, there is no prohibition against using a juvenile sentence for enhancement purposes. *See United States v.* Ocon-Estrada, 237 Fed.Appx. 369 (10th Cir. 2007) (unpublished opinion); *United States v. Crawford*, 52 F.3d

338 (10th Cir. 1995) (unpublished opinion).  Defendant has therefore failed to show how counsel was ineffective on these claims.

## Recommended Disposition

I recommend that the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be denied and this case dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge